IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMILY A. GARBARINO,
        Plaintiff,

                                          CV 06-1630-PK

                                          OPINION AND
v.                                        ORDER

THE CHRISTIE SCHOOL,
        Defendant.

PAPAK, Magistrate Judge:

       On October 16, 2006, plaintiff Emily A. Garbarino filed this action in the Circuit Court of the State of Oregon for the County of Clackamas against defendant The Christie School. The Christie School removed Garbarino's action to this court on November 13, 2006.

       On July 17, 2007, The Christie School moved to compel Garbarino to produce documents in discovery (#18), and requested its attorney fees incurred in bringing the motion as a sanction for Garbarino's failure to comply voluntarily with her discovery obligations. On August 7, 2007,

Page 1 - OPINION AND ORDER

this court issued a minute order (#29) granting defendant The Christie School's motion to compel, but taking under advisement defendant's request for attorney fees.

Now before the court is The Christie School's motion for sanctions (#34).  In its current motion, The Christie School renews its request for attorney fees incurred in connection with its motion to compel filed July 17, 2007 (#18), and further requests that this court find Garbarino's counsel Glenn Solomon in contempt of this court's order of August 7, 2007 (#29).  The Christie School seeks, in addition, its reasonable attorney fees incurred in connection with the motion now before the court.

This court has considered The Christie School's motion (#34) and the pleadings on file. For the reasons set forth below, The Christie School's motion for sanctions is denied in its entirety.  However, in the event that this court's Findings and Recommendation filed as of the date hereof and recommending summary judgment in favor of defendant is not adopted by a United States District Judge, so that these proceedings continue, this court will permit The Christie School to renew its motion and will at that time reconsider its merits.

## LEGAL STANDARDS

Federal Civil Procedure Rule 37 authorizes the district court to issue "an order treating as a contempt of court the failure to obey any orders" previously issued by the court.  Fed. R. Civ. P. 37(b)(2); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The failure to comply need not be willful to justify imposition of the contempt sanction, but contempt should not issue if the noncompliant action "appears to be based on a good faith and reasonable interpretation of the court's order."  *Reno Air*, 452 F.3d at 1130, *quoting In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

Rule 37 further authorizes the district court to award attorney fees to a party prevailing on a motion to compel discovery, absent special circumstances.  *See* Fed. R. Civ. P. 37(a)(4)(A).

**FACTUAL BACKGROUND**

On April 5, 2007, The Christie School served Garbarino with a set of requests for production of documents and a set of interrogatories, to which responses were due May 8, 2007. The requests were served on Garbarino's counsel's address for service on record with this court. Garbarino did not respond to these requests by the prescribed deadline, and on May 14, 2007, counsel for The Christie School inquired as to the status of plaintiff's response.  Garbarino's counsel, Glenn Solomon, suggested in response that he had never received the requests because his address had changed.

On May 24, 2007, The Christie School hand-delivered the requests for production and interrogatories, as well as a set of requests for admission, setting new deadlines for plaintiff's response to all three sets of discovery requests for June 25, 2007.

It appears that on June 22, 2007, Garbarino responded to the requests for admissions.  It further appears that at some date not specified in the parties' briefing, but in or around late July or early August 2007,  Garbarino provided some documents responsive to The Christie School's requests for production.

On July 30, 2007, Solomon moved to withdraw as Garbarino's counsel of record, citing as grounds in support of his request his client's failure to refresh her depleted retainer within a "reasonable time" after being requested to do so.  This court denied Solomon's motion to withdraw on August 7, 2007, and by the same minute order granted The Christie School's motion to compel.  Subsequently, on or before the date of the last day of Garbarino's deposition,

Page 3 - OPINION AND ORDER

Garbarino provided what she characterizes as the balance of documents responsive to The Christie School's requests for production. Garbarino did not provide any written response to the requests for production or interrogatories, however, until after The Christie School filed its motion for sanctions now before the court. Garbarino's response to eleven of The Christie School's twelve interrogatories, which she provided for the first time in support of her opposition to the motion for sanctions, states merely that "plaintiff relies on the responses given during her deposition to the same or similar questions."

## ANALYSIS

### I.   Contempt Sanction

After analysis of the parties' filings and consideration of all of the facts underlying this dispute, I conclude that a civil contempt order against Solomon would not be justified at this time. Although I am troubled by Solomon's management of his client's interests in connection with this action, in particular by his failures both to propound discovery requests in Garbarino's behalf and to respond appropriately to The Christie School's discovery requests, I note that these failures occurred in the context of a deteriorating attorney-client relationship, the dynamics of which ultimately led to Solomon's motion to withdraw. Moreover, in light of this court's Findings and Recommendation filed as of the date hereof, recommending summary judgment in The Christie School's favor, defendant was not significantly prejudiced by Solomon's failure to comply in timely fashion with this court's order.

Nevertheless, in the event that this court's Findings and Recommendation recommending summary judgment in favor of defendant is not adopted by a United States District Judge, and these proceedings continue, I will permit The Christie School to renew its motion and will at that

time reconsider the merits of its request for a civil contempt order.

## II.     Attorney Fees

For reasons similar to those invoked above in connection with defendant's request for the contempt sanction, an award of attorney fees would not further the interests of justice. The Christie School received the documents and other information it needed either by the time of or in the course of Garbarino's deposition, and in good time to prepare oral argument in connection with defendant's motion for summary judgment. In light of the failures of communication and disagreements that evidently underlay Solomon's motion to withdraw from further representation of Garbarino, and the absence of prejudice to The Christie School, I find award of attorney fees not substantially justified, and therefore deny the request for fees. However, as with the request for a contempt order, in the event that this court's Findings and Recommendation recommending summary judgment in favor of defendant is not adopted by a United States District Judge, I will permit The Christie School to renew its request.

## CONCLUSION

For the reasons set forth above, defendant The Christie School's motion for sanctions (#34) is denied, with leave to refile in the event these proceedings continue following

///

///

///

///

///

///

consideration of this court's Findings and Recommendation recommending summary judgment in favor of defendant by a United States District Judge.

Dated this 26th day of September, 2007.

      /s/  Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 6 - OPINION AND ORDER